IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS ROSS, #4000-222, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-31-X-BN |
| ELLIS COUNTY SHERIFF DEPARTMENT, ET AL., | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Carlos Ross, an inmate at the Ellis County jail, filed a *pro se* complaint under 42 U.S.C. § 1983 in which he alleges that at an Ennis police officer and an Ellis County Sheriff's deputy elicited testimony from him in violation of *Miranda. See* Dkt. No. 3.

United States District Judge Brantley Starr referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Through a separate order, the Court will grant Ross's motion for leave to proceed *in forma pauperis* [Dkt. No. 4] under the Prison Litigation Reform Act (the PLRA), a statute requiring that, where a prisoner (whether incarcerated or detained pending trial) seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon

which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief," 28 U.S.C. § 1915A(b).

Under this obligation, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint under 28 U.S.C. § 1915A for the reasons and to the extent explained below.

## Discussion

To the extent that Ross may be facing criminal charges related to his current civil allegations, insofar as those allegations raise a purported constitutional violation based on *Miranda v. Arizona*, 384 U.S. 436 (1966), *Younger v. Harris*, 401 U.S. 37 (1971), may be implicated.

That is, although Section 1983 "is an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights," *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citing *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972)), this provision of federal law "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding,'" *id.* (quoting *Mitchum*, 407 U.S. at 243; citing *Younger*, 401 U.S. at 43-47).

So, under *Younger*, a federal court should generally abstain from exercising its jurisdiction where to do so would result in the interference in certain, select state proceedings, chiefly ongoing state criminal proceedings.

But *Younger* abstention "applies only where there is 'no question that [a complaint] allege[s] injuries under federal law sufficient to justify the District Court's

retention of jurisdiction.'" *Boyd v. Farrin*, 575 F. App'x 517, 519-20 (5th Cir. 2014) (per curiam) (quoting *Deakins v. Monaghan*, 484 U.S. 193, 204 (1988); citing *Marts v. Hines*, 68 F.3d 134, 135 & n.5 (5th Cir. 1995); citation omitted). And the United States Court of Appeals for the Fifth Circuit has "interpreted this limitation to mean that a stay is not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915." *Id.* at 520 (collecting cases).

Such is the case here to the extent that Ross raises a Section 1983 claim based solely on *Miranda*, since "a violation of *Miranda* does not necessarily constitute a violation of the Constitution, and therefore such a violation does not constitute 'the deprivation of [a] right ... secured by the Constitution.'" *Vega v. Tekoh*, 142 S. Ct. 2095, 2106 (2022) (quoting Section 1983).

And, insofar as Ross asserts a broader claim, such as that the defendants coerced testimony from him in violation of the Fifth and Fourteenth Amendments, such a claim remains viable after *Vega*. *See id.* at 2101 ("If a *Miranda* violation were tantamount to a violation of the Fifth Amendment, our answer would of course be different. The Fifth Amendment, made applicable to the States by the Fourteenth Amendment, provides that '[n]o person ... shall be compelled in any criminal case to be a witness against himself.' This Clause 'permits a person to refuse to testify against himself at a criminal trial in which he is a defendant' and 'also "privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings."' In addition, the right bars the introduction against a criminal

defendant of out-of-court statements obtained by compulsion." (citations omitted)).

But, "to bring a successful coerced confession claim, [Ross] must show (1) that his confession was improperly coerced, and (2) that his confession was used against him in a criminal case." *Peck v. Robinson*, No. 19 C 3279, 2022 WL 16947896, at \*2 (N.D. Ill. Nov. 15, 2022) (citing *Chavez v. Martinez*, 538 U.S. 760, 770 (2003)).

In the complaint, Ross does not allege that any improperly coerced confession has (at least yet) been used against him. So, at this stage, the complaint should be dismissed with prejudice as to all claims based solely on *Miranda* and without prejudice as to any broader, constitutionally-based coercion claim Ross may allege. *Cf. Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("[I]f a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994))); *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) ("*Heck* does not allow a civil rights lawsuit to be an alternative vehicle [ ] to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" (quoting *Heck*, 512 U.S. at 484)); *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) ("[A] *Heck* dismissal is a dismissal without prejudice." (citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc))).

## Recommendation

The Court should dismiss the complaint under 28 U.S.C. § 1915A to the extent

that all claims under 42 U.S.C. § 1983 based solely on *Miranda v. Arizona*, 384 U.S. 436 (1966), should be dismissed with prejudice and any constitutionally-based Section 1983 claim asserted should be dismissed without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 10, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE